# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Todd Long, | CASE NO. CV 06-1263-GHK |
|     Petitioner, | |
| v. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| D. K. Sisto, | |
|     Respondent. | |

This matter is before the Court on Petitioner Michael Todd Long's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). On June 6, 2006, Petitioner filed the Petition alleging that he was subjected to prosecutorial vindictiveness,[1] that the trial court impermissibly omitted two jury instructions at his trial, and that he was provided ineffective assistance of counsel. On April 12, 2007, Respondent D. K. Sisto ("Respondent"), Warden at California State Prison-Solano in Vacaville, filed an Answer. On August 21, 2007, Petitioner filed a Traverse. We have now considered the papers filed in support of and opposition to this Petition, and deem this matter appropriate for resolution without oral argument. L.R. 78-230(h). The parties are familiar with the facts

---

[1] In his Traverse, Petitioner states that he is dropping his prosecutorial vindictiveness claim. Therefore, it will not be discussed in this Order.

in this case, so they will be repeated only as necessary. Accordingly, we rule as follows:

## I. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we cannot grant this habeas petition unless we determine that the California Appellate Court's decision[2] "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

## II. The Alleged Instructional Errors

Petitioner argues that the trial court erred in failing to give two separate jury instructions. First, he argues that the jury should have received California Jury Instructions–Criminal ("CALJIC") No. 2.20–which addresses the believability of witnesses–because evidence was presented that witness Amy Long was likely to fabricate information while under stress. Although CALJIC No. 2.20 was provided to the jury, the court omitted the phrase "character of the witness for honesty or truthfulness or their opposites." Second, Petitioner alleges that the jury should have received CALJIC No. 2.28 because the prosecution presented an audiotape of Ms. Long's statement to police officers to defense counsel on the second day of Petitioner's trial. CALJIC No. 2.28, which addresses the failure to timely produce evidence, states that a jury can consider the delayed disclosure of evidence and whether the untimely disclosure of evidence could deny a party sufficient opportunity to subpoena necessary witnesses or produce evidence which may exist to rebut the non-complying party's evidence.

//

---

[2] Under the "look-through" doctrine, "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991).

2

It is well settled that in order for Petitioner to successfully challenge a jury instruction on habeas, Petitioner must prove that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). The instruction must be viewed in the context of the entire trial and the jury instructions taken as a whole. *Spivey v. Rocha*, 194 F.3d 971, 976 (9th Cir. 1999) (quoting *Houston v. Roe*, 177 F.3d 901, 908–09 (9th Cir. 1999)). Lastly, here, where the issue is whether there were erroneous omissions of instructions, Petitioner has an especially heavy burden because an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

We reject Petitioner's arguments on both jury instructions at issue for the reasons set forth in the California Appellate Court opinion in this case. Furthermore, even if Petitioner were entitled to either instruction, which we do not believe to be the case, Petitioner has in no way met his heavy burden of showing that the omission of either instruction infected Petitioner's entire trial such that his resulting conviction violated due process.

As for CALJIC 2.20, the California Appellate Court's decision correctly determined that because Dr. Atwal's testimony abstractly described the symptoms of someone with borderline personality disorder and explained that Ms. Long had a distorted sense of reality, "this testimony speaks to her capacity and her perception of reality, not her character for truthfulness." (Pet. Exh. A, at 11–12.) Assuming, arguendo, that the specific character for truthfulness instruction requested by Petitioner was appropriate, the jury was still instructed that: "[i]n determining the believability of a witness you may consider anything that has a tendency reasonably to prove or disprove the truthfulness of the witness . . . ." (Lodged Doc. 8 at 468:4-8.) Petitioner's trial counsel was also able to argue Ms. Long's character for untruthfulness to the jury. Therefore, even if the omission was in error, which we do not believe to be the case, it did not so infect Petitioner's trial as to violate due process.

Similarly, a failure to instruct the jury as to CALJIC 2.28 did not result in a due process violation in this case. Petitioner argues that the instruction was appropriate because Petitioner did not receive the audiotape recording of Ms. Long's statement to the police until the second day of trial. Again, we adopt the reasoning set forth by the California Appellate Court and find that its conclusion was not contrary to, or an unreasonable application of, Federal law. The California Appellate Court found that the prosecution made a "reasonable, good faith effort to provide the audiotape" and that the "trial court did not abuse its discretion in refusing to instruct the jury with CALJIC 2.28." Pet. Exh. A, at 16–17.) Moreover, Petitioner's trial counsel admitted that she was able to cross-examine Officer Minton with the late-produced audio recording and that the only prejudice caused by the tape's late disclosure was having to review it over the weekend, which took extra preparation time. (Lodged Doc. 8 at 351:20-23, 350:1-13.) Petitioner's trial counsel could not point to any specific prejudice caused by the late disclosure and there is no evidence that Petitioner did not have any opportunity to subpoena any necessary witnesses or produce any evidence that could rebut the audiotape. Lastly, there is no evidence that the prosecution delayed production for any improper purpose. The failure to give CALJIC 2.28 did not so infect Petitioner's criminal trial as to violate due process.

### III. Ineffective Assistance of Counsel

Petitioner's ineffective assistance of counsel claim is premised on his argument that his trial counsel was ineffective in failing to request CALJIC No. 2.24 based on Dr. Atwal's testimony. Again, for the reasons set forth in the California Appellate Court opinion in this case, we reject Petitioner's argument. CALJIC No. 2.24 is almost identical to CALJIC No. 2.20, which has been discussed above. A failure to request this instruction in no way establishes that Petitioner's trial counsel fell below professional standards of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Even if this were error, Petitioner has not shown that, but for such error, there is a reasonable probability that the result of the trial would have been different. *Id.* at 694.

### III. Conclusion

For these reasons, we conclude the state courts' denial of the Petition for Writ of Habeas Corpus is not contrary to, and did not involve an unreasonable application of, clearly established Federal law and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, we **DENY** Petitioner's Petition for Writ of Habeas Corpus.

**IT IS SO ORDERED.**

DATED: April 10, 2009

GEORGE H. KING
United States District Judge[3]

---

[3] United States District Judge for the Central District of California sitting by designation.